IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr168-WKW |
| | ) | |
| WALTER ARMADRASHAD YATES | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:            DONNIE W. BETHEL

ASSISTANT U.S. ATTORNEY:    TOMMIE BROWN HARDWICK

**COUNTS AND STATUTES CHARGED:**
Count 2            18 U.S.C. § 922(g)(1), Felon in Possession of Firearm

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT:**
Count 2            18 U.S.C. § 922(g)(1), Felon in Possession of Firearm

**PENALTIES BY COUNT – MAXIMUM PENALTY:**
Count 2, 18 U.S.C.922(g)(1), Felon in Possession of Firearm
   NMT 10Y;
   NMT $250,000; or Both;
   NMT 3Y SUP REL;
   $100 AF;
   VWPA.

**ELEMENTS OF OFFENSES:**

Count 2, 18 U.S.C. § 922(g)(1), Felon in Possession of Firearm
First:      That the defendant knowingly possessed a firearm in or affecting interstate commerce, as charged; and

Second:     That before the defendant possessed the firearm the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

***********************************************************

Tommie Brown Hardwick, Assistant United States Attorney, and Donnie W. Bethel, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and will proceed to trial.

### GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the offense charged in Count 2 of the Indictment, the attorney for the government will do the following:

   a. The government will agree, pursuant to Rule 11(c)(1)(C), that the appropriate sentence is a sentence of imprisonment at the low range of the Guidelines after calculation by the United States Probation Officer, assuming the defendant's criminal history category does not exceed category II, and the defendant provides substantial assistance to the government.

   b. The government agrees that the defendant should receive a two level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). In addition, the government will file a motion for a one level reduction under U.S.S.G. § 3E1.1(b), if applicable. However, the defendant will not receive any acceptance of responsibility if the defendant commits another federal, state or local offense after the dates of the present offenses; violates any of the conditions outlined in the Commentary to §3E1.1, or in any way violates his term of release or supervision if applicable.

c. The government agrees that there are no other motions for downward departure applicable in this case. If the defendant files a motion for downward departure, or should the Court in its discretion using the United States Sentencing Guidelines as advisory, sentence the defendant below the low end of the Guidelines as calculated by the United States Probation Officer, this plea agreement will become void.

2. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

a. To plead guilty to Count 2 of the Indictment.

b. That a sentence of imprisonment at the low end of the Guidelines is an appropriate sentence in this case after the calculation of the sentencing guidelines, provided the defendant's criminal history category does not exceed category II.

c. The government agrees to file a motion for downward departure consistent with paragraphs d and e of this plea agreement.

d. The Government agrees that should the defendant provide substantial assistance to the government and law enforcement, the government will file a motion for downward departure under the provisions of U.S.S.G. § 5K1.1 and Rule 35, Federal Rules of Criminal Procedure, based upon the defendant's substantial assistance to the United States in this case. The defendant understands that the downward departure motion(s) and the level of departure is left to the sole discretion of the undersigned Assistant United States Attorney.

e. It is understood that by signing this agreement, you agree to provide substantial assistance to law enforcement agents. "Substantial assistance" with law enforcement agents under this agreement is understood to include, but is not limited to, the following:

(1) Debriefing by the Federal and State Law Enforcement officers.

(2) Making consensually monitored telephone calls to, or otherwise contacting, persons known to be involved in violations of the law.

(3) Introducing undercover law enforcement officers to persons you know to be involved in illegal activity.

(4) Maintaining contact with the law enforcement agents with whom you are working. You shall work under the direct supervision of law enforcement agents. At no time are you authorized to take any actions without first obtaining the direct authorization of such agents. Any independent and unauthorized actions will be deemed a violation of this agreement.

(5) Testifying truthfully against any such persons before any and all grand juries and at any and all hearings and trials.

(6) You agree to make a good faith effort to assist law enforcement agencies in arranging and making undercover contacts with other persons you know to be involved in illegal activity.

(7) You will cooperate fully and truthfully with the government in this investigation and in any other federal criminal investigation. You will respond, completely, fully and truthfully to all inquiries addressed to you by representatives of the government, and you will testify fully and truthfully at any and all reasonable times and places before grand juries and against any and all defendants at the trial of any and all cases arising from this investigation or any other such investigation.

f. The defendant agrees that there are no other motions for downward departure applicable in this case. If the defendant files a motion for downward departure, or should the Court in its discretion using the United States Sentencing Guidelines as advisory, sentence the defendant

below the low end of the Guidelines, this plea agreement will become void.

## FACTUAL BASIS

4. The defendant admits the allegations charged as follows:

Count 2, the defendant admits and understands that the nature of the charge to which the plea is offered involves proof that on or about November 6, 2005, Montgomery County, Alabama, the defendant was in the area of the Padlock Club Apartments located at 5050 Bell Road when he was approached by Montgomery Police Officer G.V. Clark. The alarm was going off in one of the businesses. Officer Clark approached Yates and asked for identification. Yates attempted to flee. Officer Clark drew his weapon and ordered Yates out of the car. Yates jumped out of the car, ran and jumped a fence and continued to run away. Yates was apprehended. Officer Clark found a black Barretta CX4-Storm 9mm assault rifle. ~~Yates admitted that the 9mm Barretta belonged to him.~~ On or about November 17, 2003, Yates was convicted of Possession and Receipt of a Controlled Substance, under case number CC-03-640 in Montgomery County, Alabama, that is, a felony punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama. All in violation of Title 18, United States Code, Section 922(g)(1).

## DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK

5. Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the conviction and sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

6. The defendant, before entering a plea of guilty to Count 2 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant.

c. The defendant further understands that, pursuant to Title 18, United States Code, Section 3013, said $100.00 assessment fee is to be paid by the defendant on the date of sentencing. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the

best of the defendant's information, knowledge, and belief.

 d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

 e. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

 f. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

 g. The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the government, and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

h. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

i. The defendant further advises the Court that it is understood that the government can only make a recommendation which is not binding on the respective Court.

j. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crimes charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

7. The undersigned attorney for the government and for the defendant represents to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court,

waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

8. The defendant understands that the United States Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the Court, may differ from that projected by defendant's counsel or the United States Attorney.

This 21st day of November, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: tommie.hardwick@usdoj.gov
ASB4152 W86T

I HAVE READ THE FOREGOING PLEA AGREEMENT, UNDERSTAND THE SAME, AND THE MATTERS AND FACTS SET FORTH THEREIN ACCURATELY AND CORRECTLY STATE THE REPRESENTATIONS THAT HAVE BEEN MADE TO ME AND ACCURATELY SET FORTH THE CONDITIONS OF THE PLEA AGREEMENT THAT HAS BEEN REACHED. IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, DONNIE W. BETHEL.

_____
WALTER ARMADRASHAD YATES
Defendant

21 NOV 06
Date

_____
DONNIE W. BETHEL
Attorney for the Defendant

21 Nov 07
Date